**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LABORERS PENSION TRUST FUND -
DETROIT AND VICINITY, et al.,

      Plaintiffs,

v.                                        Case No. 07-CV-13354

DECADE POURED WALLS, LLC,

      Defendant.
                                  /

**OPINION AND ORDER DENYING "MOTION FOR ALTERNATIVE SERVICE AND
NEW SUMMONS" AND REQUIRING PLAINTIFFS TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT
SERVICE AND LACK OF PROSECUTION**

Plaintiffs Laborers Pension Trust Fund - Detroit and Vicinity, et al., filed their complaint on August 10, 2007. Pending before the court is Plaintiffs' December 11, 2007 "Motion for Alternative Service and New Summons." Having review the matter, the court finds that a hearing is not necessary, see E.D. Mich. LR 7.1(e)(2), and that the motion should be denied. The court will further order Plaintiffs to show cause why the complaint should not be dismissed without prejudice for failure to effect service and lack of prosecution.

Plaintiffs request that the court direct the court's clerk to reissue a new summons and permit Plaintiffs to serve Defendant Decade Poured Walls, LLC pursuant to alternative means as established in Michigan Compiled Laws § 450.4207(4). The notes of John R. Centurione, Jr., the process server, indicated that Plaintiffs retained his services on August 29, 2007, nearly three weeks after the complaint was filed. (Process Server Notes, Pls.' Ex. 2.) Centurione records one undated and unsuccessful

attempt to serve Defendant at a location in Commerce, Michigan, where a "lady said she's lived for 4 months."[1] (*Id.*) Apart from this notation, there is no recorded activity and therefore no other effort in September, October, November or December to serve the complaint. The summons expired on December 10, 2007 and Plaintiffs filed their motion on December 11, 2007. Under the circumstances, the court is not persuaded that Plaintiffs made adequate effort to locate and serve Defendants. Apart from attaching a list of Defendant's corporate records as they appear on the website of the Michigan Department of Labor and Economic Growth, Plaintiffs do not explain or substantiate how they "have unsuccessfully attempted to locate an alternative address for the defendant . . . ." (Pls.' Br. at 1; Corporate Records, Pls.' Br. Ex. 1.) While Plaintiffs cite authority that could allow alternative service for a limited liability company like Defendant that fails to maintain a registered office and agent, *see* Mich. Comp. Laws § 450.4207, the statutory provision is permissive, not mandatory.

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the court shall dismiss the action without prejudice as to that defendant. Further, Eastern District of Michigan Local Rule 41.2 provides that if the parties have not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.,* 15 F.3d

---

[1] Although it is not germane to the issue at hand, the court notes that Centurione seeks reimbursement for 200 miles driven even though the round-trip distance between his office in Warren, Michigan and the address in Commerce is only about sixty-two miles.

2

72, 73 (6th Cir.1994)). It is Plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73 (6th Cir. 1994). It appears to the court that, pursuant to Local Rule 41.2, Plaintiffs "have taken no action for a reasonable time" and, therefore, "the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." Accordingly,

Plaintiffs Laborers Pension Trust Fund - Detroit & Vicinity, et al., are ORDERED to SHOW CAUSE, in writing, on or before **December 26, 2007,** why the case should not be dismissed without prejudice for lack of service and failure to prosecute.

IT IS FURTHER ORDERED that Plaintiffs' "Motion for Alternative Service and New Summons" [Dkt. # 2] is DENIED.

      s/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: December 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2007, by electronic and/or ordinary mail.

      s/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522